IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:05-CR-50-1H

CEDRIC MONTE LITTLE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on the petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, [D.E. ##71, 77]. The government moved for a stay of the instant matter pending the Supreme Court's final decision in Beckles v. United States, No. 15-8544, [D.E. #81], and the court granted that request, [D.E. #82]. After the Supreme Court's decision in Beckles, 137 S. Ct. 886 (2017), the court allowed the petitioner thirty (30) days from May 2, 2017, to file supplemental briefing. The petitioner has not submitted supplemental briefing, and this matter is ripe for adjudication.

**BACKGROUND**

On August 1, 2005, the petitioner pled guilty pursuant to a written plea agreement to possession with the intent to distribute

a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) and to possession of a firearm in furtherance of the possession with the intent to distribute cocaine in violation of 18 U.S.C. § 924(c)(1)(A). On November 9, 2005, the court sentenced the petitioner to a total term of imprisonment of 262 months.[1] Petitioner appealed his judgment; the government moved to dismiss the appeal; and the Fourth Circuit dismissed the appeal. The mandate of the Fourth Circuit issued August 7, 2006. [D.E. #24]. The petitioner filed a section 2255 motion on June 1, 2016, before he had obtained permission from the Fourth Circuit to file a second or successive § 2255 motion. [D.E. # 71]. The Fourth Circuit granted the petitioner authorization to file this successive § 2255 motion on June 20, 2016, [D.E. #76], and the petitioner shortly thereafter filed the instant motion, [D.E. #77]. The petitioner argues, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his Guidelines range was improperly increased based on application of the Career Offender guideline, U.S.S.G. § 4B1.1, for a predicate North Carolina aiding and abetting assault with a deadly weapon conviction. [D.E. #77].

---

[1] The United States Sentencing Guidelines in effect at the time of the sentence were advisory, United States v. Booker, 543 U.S. 220 (2005), having issued January 12, 2005.

2

## DISCUSSION

The petitioner cannot use Johnson v. United States, 135 S. Ct. 2551 (2015), to challenge as unconstitutionally vague the residual clause in U.S.S.G. § 4B1.2(a)(2). Beckles v. United States, 137 S. Ct. 886, 895-97 (2017) (advisory Sentencing Guidelines not subject to a vagueness challenge); United States v. Mack, 855 F.3d 581, 584-85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246-47 (4th Cir. 2017). Therefore, the petitioner's advisory Guidelines range, under which the petitioner was designated as a Career Offender, remains intact.

## CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate, [D.E. ##71, 77], is DENIED. The clerk is directed to close the case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of the petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED. This 20th day of November 2017.

                                        Malcolm J. Howard
                                        Senior United States District Judge

At Greenville, NC
#26